Duane L. Ostler [6298]
Scott O. Stratton [13371]
1313 East 800 North
Orem, Utah 84097
Telephone (801) 225-3570
Facsimile (435) 224-5942
duane@strattonlawgroup.com
scott@strattonlawgroup.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| MONICA BRUNA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHSOUT CORP., a Delaware Corporation, through its acquisition ENCOMPASS HOSPICE OF THE WEST,LLC, a Texas limited liability corporation, dba ENCOMPASS HOSPICE OF UTAH, <br><br> Defendant. | **COMPLAINT and JURY DEMAND** <br><br> Civil No. 2:16-cv-00159-DBP <br><br> Judge Dustin B. Pead |

      Plaintiff Monica Bruna hereby complains against Healthsouth Corporation, a Delaware Corporation, through its acquisition Encompass Hospice of the West, LLC, a Texas limited liability corporation dba Encompass Hospice of Utah as follows:

      1.      Plaintiff Monica Bruna is an individual residing in Utah County, State of Utah. Plaintiff is Hispanic, and is a member of a protected class.

2. Defendant Healthsouth Corporation is a Delaware Corporation, acting through its acquisition Encompass Hospice of the West, LLC, a Texas limited liability corporation, doing business in the state of Utah as Encompass Hospice of Utah. Defendant has in excess of 500 employees. Plaintiff is a former employee of Defendant.

3. This Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination and retaliation.

4. Jurisdiction is conferred on this court by 42 U.S.C. §2000e(5)(f). Equitable and other relief are also sought under 42 U.S.C. §2000e(5)(g). Jurisdiction is also based on 28 U.S.C. 1331, 1343 and 42 U.S.C. §§ 1981 et seq.

5. Plaintiff was employed by Defendant at its Orem, Utah location. Plaintiff became an employee of Defendant in 2008. Plaintiff was qualified for her position with Defendant, and for the past 7 years prior to the events described in this Complaint, Plaintiff worked for Defendant without any complaint. Indeed, she was frequently praised for effective, quality work.

6. Plaintiff's position with Defendant was as a nursing supervisor, with responsibility for approximately 35 employees under her direction.

7. Carrie Brown (hereinafter "Brown") started working as a nurse under Plaintiff in the summer of 2012. Shortly after commencing her employment, Brown made it clear she held a low opinion of Hispanics. She frequently made fun of the accent of Hispanics, including Plaintiff, and made disparaging remarks about Hispanics. Because Plaintiff was her supervisor, Brown's attacks were frequently directed at Plaintiff. Plaintiff notified her supervisor Ron Jackson (hereinafter "Jackson") of Brown's behavior, but Jackson did not take action to prevent

or stop it. Plaintiff did not respond to Brown's hostility but treated her the same as all other employees.

8. After another Hispanic nurse (Roxana Zavala) was hired to work under Plaintiff in the fall of 2014, Brown became even more resentful of Plaintiff. Plaintiff again made Jackson aware of Brown's behavior, but Jackson did not take action to prevent or stop it. Plaintiff continued to put up with Brown's hostility, and continued to treat Brown the same as all other employees.

9. On several occasions, Plaintiff reported and discussed Brown's harassment, attitude and poor work performance to her supervisor, Ron Jackson. Jackson acknowledged the problems and ultimately acknowledged that Brown should be disciplined or terminated. However he refused to authorize such discipline after seeing the number of patients being serviced by Brown, who would most likely go with Brown to her next place of employment if she left Defendant's employ.

10. In early March, 2015, Plaintiff was informed by a coworker that Brown had announced that she intended to make sure Plaintiff was soon terminated from her employment.

11. A few days later on Monday, March 9, 2015, and without any prior warning, Jackson met with Plaintiff and informed her that she was being terminated. She had no previous inkling that this would occur, and had been performing the same quality work as always. Jackson gave as a reason for her termination that it was because of her "culture."

12. Since her termination, Plaintiff has been fortunate to find other employment. However, her pay rate is significantly less than she was receiving from Defendant, and her benefits are also less.

13. On the date of her termination Plaintiff filed charges with the Anti-Discrimination Division of the Utah Labor Commission and the Equal Employment Opportunity Commission (EEOC).

14. On Dec. 29, 2015 the EEOC issued Plaintiff with a 'Notice of Right to Sue,' a copy of which is attached hereto as Exhibit A.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of Title VII of the Civil Rights Act of 1964)**

15. All other paragraphs in this Complaint are incorporated into this cause of action as if stated herein.

16. Plaintiff is Hispanic, and is a member of a protected class.

17. There is direct evidence of discrimination of Plaintiff based on her national origin, or that her national origin was a motivating factor of her termination, since she was told that a reason for her termination was because of her "culture."

18. Plaintiff was qualified for her position with Defendant, and consistently met her employer's legitimate and reasonable work expectations. Any allegations of shortcomings in Plaintiff's work were fabrications and pretexts based on unfounded, false accusations, and were not reasonable or legitimate.

19. Defendant engaged in an adverse employment action against Plaintiff that it did not take against similarly situated employees by terminating Plaintiff due to her "culture."

20. Even if there were no direct evidence of discrimination, the circumstances surrounding the adverse employment action against Plaintiff give rise to an inference of discrimination. Defendant engaged in disparate treatment of Plaintiff which, but for Plaintiff's Hispanic "culture," would have been different. Indeed, the circumstances and evidence indicate that Plaintiff's national origin was what actually motivated Defendant's decision to terminate Plaintiff's employment.

21. In short, Defendant did not treat its other employees the same as it did Plaintiff, and specifically terminated Plaintiff because of her "culture." Specifically, Defendant intentionally discriminated against Plaintiff on the basis of her race and national origin, causing Plaintiff substantial harm. Defendant's actions were with malice or reckless indifference to the rights of Plaintiff.

22. Defendant's disparate treatment of Plaintiff has severely damaged Plaintiff. Plaintiff has suffered emotional distress, mental anguish and inconvenience, decreased earnings and benefits, loss of enjoyment of life, and loss of respect of co-workers due to Defendant's actions.

23. Pursuant to Title VII, Defendant should be compelled to pay Plaintiff the damages it has caused her by this racial discrimination, including lost wages/benefits for the remainder of her work life, estimated in the amount of at least $400,000. Additionally, Defendant should be compelled to pay punitive damages to Plaintiff for its egregious and inequitable actions which

were undertaken with malice or reckless indifference to the rights of Plaintiff in the amount of $300,000.

## SECOND CAUSE OF ACTION
### (Harassment in Violation of Title VII of the Civil Rights Act of 1964)

24. All other paragraphs in this Complaint are incorporated into this cause of action as if stated herein.

25. Plaintiff is Hispanic, and is a member of a protected class.

26. Plaintiff was repeatedly subject to unwelcome and unwanted conduct by Brown in the workplace, inasmuch as Brown made frequent derogatory comments about Plaintiff's accent and national origin.

27. Plaintiff notified her superiors about this harassment, but they refused to take action to stop or prevent it.

28. Brown's harassment was sufficiently severe and pervasive that it altered the terms and conditions of Plaintiff's employment, creating a hostile work environment. Defendant's failure to stop this harassment was done with malice or reckless indifference to the rights of Plaintiff.

29. Defendant's failure to stop the harassment against Plaintiff severely damaged Plaintiff. Plaintiff suffered emotional distress, mental anguish and inconvenience, loss of enjoyment of life, loss of respect of co-workers and ultimately decreased earnings and benefits.

30. Pursuant to Title VII, Defendant should be compelled to pay Plaintiff the damages she experienced due to this harassment and hostile work environment, including lost

wages/benefits in an amount to be proven at trial. Additionally, Defendant should be compelled to pay punitive damages to Plaintiff for its egregious and inequitable actions which were undertaken with malice or reckless indifference to the rights of Plaintiff in the amount of $300,000.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII of the Civil Rights Act of 1964)

31. All other paragraphs in this Complaint are incorporated into this cause of action as if stated herein.

32. Plaintiff brought to the attention of higher managers of Defendant that she was being targeted for unfair treatment by Brown. Plaintiff made it clear that this targeting was related to her race and national origin. This communication by Plaintiff to higher managers was a protected activity.

33. Notwithstanding this, Defendant terminated Plaintiff because of her national origin and culture, in retaliation against Plaintiff. Defendant's retaliatory action was done with malice or reckless indifference to the rights of Plaintiff.

34. Plaintiff has suffered mental anguish and inconvenience, and loss of respect of co-workers due to Defendant's retaliatory actions, as well as lost earnings/benefits.

35. Pursuant to Title VII, Defendant should be compelled to pay Plaintiff the damages it has caused her by its improper retaliation, including lost wages/benefits for the remainder of her work life, estimated in the amount of at least $400,000. Additionally, Defendant should be compelled to pay punitive damages to Plaintiff for its egregious and inequitable actions which

were undertaken with malice or reckless indifference to the rights of Plaintiff in the amount of $300,000.

WEREFORE, Plaintiff demands judgment against Defendant as follows:

A.     That Defendant pay Plaintiff the damages which Plaintiff has suffered due to Defendant's racial discrimination in violation of Title VII of the Civil Rights Act of 1964, including lost wages/benefits for the remainder of her work life, estimated in the amount of at least $400,000; and

B.     Pursuant to Title VII, that Defendant pay Plaintiff the damages which Plaintiff has suffered due to Defendant's failure to stop the harassment and hostile work environment experienced by Plaintiff, including lost wages/benefits for the remainder of her work life, estimated in the amount of at least $400,000; and

C.     Pursuant to Title VII, that Defendant pay Plaintiff the damages which Plaintiff has suffered due to Defendant's retaliation, including lost wages/benefits for the remainder of her work life, estimated in the amount of at least $400,000; and

D.     That Defendant be compelled to pay punitive damages to Plaintiff for Defendant's egregious and inequitable actions which were undertaken with malice or reckless indifference to the rights of Plaintiff, up to the maximum amount of such damages allowed by law or $300,000; and

E.     That Defendant be compelled to pay Plaintiff the attorney fees and costs that Plaintiff has incurred in this matter; and

F.     For such further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury in this matter.

DATED this 26th day of February, 2016.

/s/ Duane L. Ostler
Duane L. Ostler
Scott O. Stratton
Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Monica Bruna
838 W 200 N
Orem, UT 84057

From: Phoenix District Office
3300 North Central Ave
Suite 690
Phoenix, AZ 85012

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 35C-2015-00265 | Cherrie Y. Martin, State & Local Program Manager | (602) 640-5064 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*(signature)*

Elizabeth Cadle,
Acting District Director

December 29, 2015
*(Date Mailed)*

Enclosures(s)

cc: ENCOMPASS HOME HEATH & HOSPICE OF U
259 S Orem Blvd
Orem, UT 84058

Roberto Culas
Attorney At Law
3441 S Decker Lake Dr Ste 124
West Valley City, UT 84119

Kelly Estes
Healthsouth Corp
3660 Grandview Pkwy Ste 200
Birmingham, AL 35243